IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID ARMIJO,

    Plaintiff,

v.                                                      No. CIV 06-0635 JB/RHS

INTEL CORPORATION, and
ARAMARK SERVICES, INC.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) the Plaintiff's Motion to Compel and Memorandum in Support of Motion to Compel, filed June 4, 2007 (Doc. 50)("Motion to Compel"); and (ii) the Plaintiff's Motion to Request Hearing on Motion to Compel, filed July 6, 2007 (Doc. 52)("Motion for Hearing"). The primary issue is whether the Court should compel Defendant Aramark Services, Inc. ("Aramark") to respond to the interrogatories and requests for production that Plaintiff David Armijo served upon him on February 13, 2007. Because Armijo has complied with the federal discovery rules, because Aramark has not filed a written response to Armijo's motions, and because Aramark has thus not advanced a proper ground explaining why it has not responded to Armijo's discovery requests, the Court will grant the motion to compel and order Aramark to produce the answers and materials Armijo requests. The Court will deny the motion for a hearing as moot.

## PROCEDURAL HISTORY

Armijo alleges that he suffered a knee injury when he slipped and fell on a wet-tile surface at the place of business of Defendant Intel Corporation ("Intel"). See Motion to Compel at 1. Armijo contends that Aramark contracted with Intel to clean the area where the accident occurred

and was responsible for keeping the area safe.  <u>See</u> <u>id.</u>

Armijo served Aramark with his First Set of Interrogatories and Request for Production of Documents on February 13, 2007.  <u>See</u> Certificate of Service, filed February 19, 2007 (Doc. 30). On March 20, 2007, Armijo agreed to extend the deadline to respond to the discovery request to March 27, 2007.  <u>See</u> Motion to Compel, Exhibit A, Letter from Arthur G. Olona to Theresa W. Parish (dated March 20, 2007).  Aramark did not respond to the discovery requests by March 27, 2007, and, on May 9, 2007, Armijo's counsel sent a letter to Aramark's counsel inquiring as to when he could expect Aramark's responses.  <u>See</u> Motion to Compel, Exhibit B, Letter from Arthur G. Olona to Theresa W. Parish (dated May 9, 2007).  On May 21, 2007, Armijo's counsel spoke with the assistant to Aramark's counsel and made a verbal request for production.  <u>See</u> Motion to Compel, Exhibit C, Case Note (dated May 21, 2007).  Aramarks's counsel called Armijo's counsel on May 22, 2007 and indicated that she was still uncertain when the responses would be complete, but that she would have a better estimation on the following the day.  <u>See</u> Motion to Compel, Exhibit D, Case Note (dated May 22, 2007).

Aramark has not responded to Armijo's interrogatories and request for production of documents.  Armijo filed his motion to compel responses to his discovery requests on June 4, 2007. Armijo requests that the Court grant his motion to compel Aramark to respond to his discovery requests, and to grant him attorneys' fees and costs associated with having to bring this motion.  <u>See</u> Motion to Compel at 3.  Aramark has not filed any response to Armijo's motion to compel, and, on July 6, 2007, Armijo filed his motion for a hearing on his motion to compel.  Aramark has not responded to Armijo's motion for a hearing.

## RELEVANT LAW REGARDING DISCOVERY

Discovery under rule 26 of the Federal Rules of Civil Procedure is liberal, allowing parties the right to "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). This principle of broad discovery is intended to allow the parties to learn as much as they can about each other's claims and defenses before trial. See Herbert v. Lando, 441 U.S. 153, 177 (1979)("The Court has more than once declared that the deposition-discovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials."). The federal discovery rules are a reflection of the courts' and Congress' recognition that "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507 (1947).

Rule 37(a)(2)(B) provides that, if a party fails to answer an interrogatory submitted under rule 33, the discovering party may move for an order compelling an answer to the interrogatory. See Fed. R. Civ. P. 37(a)(2)(B). The motion to compel must include a certification that the movant has conferred or attempted to confer with the other party or parties, and made a good-faith attempt to resolve the discovery dispute before requesting the court's intervention. See Lafleur v. Teen Help, 342 F.3d 1145, 1151 (10th Cir. 2003).

## ANALYSIS

Armijo filed his motion on June 4, 2007. Aramark has not filed a written response, and the time for doing so has passed. See D.N.M.LR-Civ. 7.6(a) (requiring a response be served within fourteen days after service of a motion). Under rule 7.1(b) of the Court's local rules, "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

Despite Aramark's consent under the rules, the Court has independently reviewed the merits of Armijo's motion and believes that he has demonstrated good grounds to grant his motion. Armijo served his interrogatories and requests for production on Aramark approximately six months ago. Armijo has made good-faith efforts to afford Aramark additional time to respond to his requests and to resolve this discovery dispute before requesting the Court intervene. While Armijo has not attached his discovery requests to his motion, and therefore it is difficult for the Court to independently review the discovery and determine whether there is something unusual or objectionable about the discovery, the correspondence that he attaches does not indicate any objection to the discovery; rather, the problem appears to be one of lack of any response. Aramark has not advanced a proper ground explaining why it has not responded to Armijo's discovery request. Armijo is entitled to timely responses to his discovery requests, and the Court will grant his motion.

Finally, Armijo requests the Court award him attorneys' fees and costs associated with bringing this motion. Rule 37(a)(4)(A) provides that, if a party's motion to compel under rule 37 is granted, "the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(4)(A). Aramark has not responded to any of Armijo's discovery requests or to this motion. Consequently, Armijo is also entitled to reasonable attorneys' fees and costs associated with preparing his motion.

**IT IS ORDERED** that the Plaintiff's Motion to Compel is granted. The Plaintiff's Motion to Request Hearing on Motion to Compel is denied as moot. Aramark shall respond to the First Set of Interrogatories and Request for Production of Documents that Armijo has propounded on it within

ten days of the date of this order. Aramark will pay Armijo his reasonable attorneys' fees and costs in preparing his motion.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Russell K. Whitener
Matthew J. O'Neill
Thomas Allison
Arthur G. Olona
Whitener Law Firm
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Jennifer A. Noya
Alex C. Walker
Modrall, Sperling, Roehl, Harris
  & Sisk
Albuquerque, New Mexico

    *Attorneys for Defendant Intel Corporation*

Theresa W. Parrish
Rodey, Dickason, Sloan, Akin
  & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for the Defendant Aramark Services, Inc.*