IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID ARMIJO,

        Plaintiffs,

vs.                                                                                                         No. CIV 06-0635 JB/RHS

ARAMARK SERVICES, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Plaintiff's Motion for Sanctions Pursuant to FRCD 37(d) for Failure to Answer Interrogatories or Respond to Request for Inspection, filed August 7, 2007 (Doc. 56)("Motion"). The Court held a hearing on October 30, 2007. The primary issues are: (i) whether the Court should extend deadlines to allow Plaintiff David Armijo to conduct additional discovery 60 days from the date Armijo actually receives discovery; (ii) whether the Court should extend Armijo's deadline to list experts, witnesses, and expert reports to 30 days after discovery is closed; (iii) whether the Court should extend Armijo's deadline to file motions regarding discovery to two weeks from the date of closure of discovery; (iv) whether the Court should extend Armijo's deadline to file dispositive motions to two weeks after closure of discovery; (v) whether the Court should strike Defendant Aramark Services, Inc.'s answers to paragraphs 8-12 of Armijo's Complaint pursuant to rule 37(b)(2)(C) of the Federal Rules of Civil Procedure; (vi) whether the Court should enter default judgment in favor of Armijo for Aramark's failure to answer discovery in excess of six months; (vii) whether the Court should enter an order excluding Aramark from introducing witnesses, experts or evidence not previously disclosed or witnesses that Aramark has not provided information about to Armijo; and (viii) whether the Court should find that Aramark

has waived all objections to interrogatories and requests for production that Armijo propounded on it that are the subject of Armijo's motion to compel. See id. at 5-6. For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will grant in part and deny in part Armijo's motion for sanctions.

## FACTUAL BACKGROUND

Armijo alleges that, on June 5, 2003, while he was a delivery man employed by Delta Uniform and Linen, Inc. to deliver cleaned floor mats to Intel, he slipped on a wet tile surface, causing his knee to twist. See Motion at 1. Aramark contracted with Intel and was responsible for the area where the accident occurred. See Plaintiff's Amended Complaint ¶ 3, 4, at 1, filed November 22, 2006 (Doc. 20). Armijo avers that the floor had been recently mopped and was wet, and that no warning was provided that the floor was wet. See Motion at 1.

Armijo contends that, as a result, he suffered a right knee lateral meniscus tear. See id. Armijo had a first knee surgery on November 7, 2003, and a second surgery on the right knee on July 22, 2005. See id. Armijo contends that he has a permanent impairment and disability as a result of the accident. See id.

## PROCEDURAL BACKGROUND

On February 13, 2007, Armijo served Aramark with his First Set of Interrogatories and Request for Production of Documents. See Certificate of Service, filed on February 19, 2007 (Doc. 30). On May 2, 2007, a Joint Motion to Extend Pretrial Deadlines and Vacate and Reschedule Hearing, Settlement Conference, and Trial was filed. See Doc . 40.

On May 5, 2007, the parties filed a motion requesting that the Court set the deadline for discovery on June 29, 2007 and discovery motions for July 13, 2007. See Joint Motion to Extend

Pretrial Deadlines and Vacate and Reschedule Hearings, Settlement Conference, and Trial at 2, filed May 2, 2007 (Doc. 40). The parties also asked that the deadline for expert witnesses, disclosures, and reports be June 1, 2007. See id. The Court granted the motion in part, and vacated the motion hearing, pretrial conference, and trial setting. See Order Granting Joint Motion to Extend Pretrial Deadlines and to Vacate and Reschedule Hearings, Settlement Conference, and Trial, filed May 7, 2007 (Doc. 43); Minute Order, filed May 7, 2007 (Doc. 44)(collectively "May 7, 2007 Order"). The Court did not vacate the settlement conference and ordered the parties to "approach the Magistrate Judge about that request." Id. Judge Scott's Order provided:

> This matter comes before the Court on the settlement conference only portion of the Joint Motion to Extend Pretrial Deadlines and Vacate and Reschedule Hearings, Settlement Conference, and Trial [docket no. 40]. The portion of the motion dealing with the settlement conference is well taken and will be granted. Therefore, the settlement conference set for May 7, 2007 is VACATED and reset for THURSDAY, AUGUST 2, 2007 at 9:00 a.m.; the confidential letters are now due JULY 23, 2007. All other terms and conditions of my Order Setting Settlement Conference shall remain in full force and effect.

Order, filed May 4, 2007 (Doc. 42)("Judge Scott's May 4, 2007 Order")(emphasis in original).

On August 4, 2007, the Court issued an Order granting Armijo's motions to compel. See Memorandum Opinion and Order at 1, filed August 4, 2007 (Doc. 55)("August 4, 2007 Opinion and Order"). The Order provided: "Aramark shall respond to the First Set of Interrogatories and Request for Production of Documents that Armijo has propounded on it within ten days of the date of this order." Id. at 4-5.

On August 7, 2007, Armijo filed a motion for sanctions. See Motion at 1. Armijo moves for sanctions pursuant to rule 37(d). See Motion at 1. Armijo contends that Aramark "has failed to comply with [the Court's May 7, 2007 Order] by failing to provide discovery answers and response[s] for more than five months and 26 days after Interrogatories and Requests for Production

-3-

were served upon . . . [Aramark] and despite requests and motions by [Armijo] that [Aramark] provide this discovery." Id. at 2.  Additionally, Armijo contends that Aramark filed no response to his previous motions to compel filed on June 4, 2007 and July 6, 2007.  See id. (citing Docs. 50 and 52).

Armijo contends that he was prejudiced by Aramark's failure to comply with discovery deadlines (i) by failing to identify relevant witnesses and information regarding known witnesses so that Armijo may subpoena, interview, and/or depose those witnesses; (ii) by further delaying the trial set for October; (iii) by forcing Armijo to agree to continuance of the settlement facilitation because the parties were not prepared to negotiate as a result of discovery commencing on August 2, 2007; and (iv) because the deadline to discovery has passed and Armijo has not had the opportunity to conduct further discovery based on what he may learn from the discovery that Aramark has not provided.  See id. at 4.  Armijo requests the following remedies: (i) extension of deadlines to allow him to conduct additional discovery sixty days from the date Armijo actually receives discovery; (ii) extension of his deadline to list experts, witnesses, and expert reports to thirty days after discovery is closed; (iii) extension of his deadline to file motions regarding discovery to two weeks from the date of closure of discovery; (iv) extension of his deadline to file dispositive motions to two weeks after closure of discovery; (v) striking of Aramark's answers to paragraphs 8-12 of Armijo's Complaint pursuant to rule 37(b)(2)(C); (vi) entering default judgment in favor of Armijo for Aramark's failure to answer discovery "in excess of six months"; (vii) enter an order excluding Aramark from introducing witnesses, experts or evidence not previously disclosed, or witnesses about whom Aramark has not provided information to Armijo; and (viii) a finding that Aramark has waived all objections to interrogatories and requests for production that

Armijo propounded on it that are the subject of Armijo's motion to compel. See id. at 5-6.

On August 23, 2007, Aramark responded to Armijo's motion. See Response to Plaintiff's Motion for Sanctions, filed August 23, 2007 (Doc. 58)("Response"). Aramark represents that it delivered responses to Armijo within ten days of the Court's August 4, 2007 Opinion and Order. See Response at 1, Exhibit A. Aramark represents that it ceased to operate the cafeteria at Intel in 2004, approximately two years before Armijo filed this lawsuit. See Response at 2. It represents that its workers left their employment, and records from the worksite were archived. See id.

Aramark argues that "[t]he passage of about three and one half years between the time of the incident and the joinder of [it], as well as the ceasing operations at the site about two and one half years earlier, created difficulties in obtaining responsive information beyond that already available and exchanged between [Armijo and an earlier defendant, Intel]." Id. Aramark represents that "[u]nforseen personal and professional difficulties also caused [its] counsel to seek additional time for responses." Id. Aramark argues that Armijo has not been prejudiced, because he already possessed "the available information regarding the incident at issue as well as the available witness contact information" from Intel. See id. Aramark's counsel represents that she has undertaken her own investigations to locate witnesses referenced in the incident report and was able to obtain current contact information for two witnesses, but has been unable to locate the third witness. See id. at 3. Aramark and its counsel represent that they have not acted willfully, in bad faith, deceptively, or for improper motives. See id. Aramark represents that it will supplement discovery already provided with additional documents, such as Social Security Administration information. See id.

**LAW REGARDING DISCOVERY AND IMPOSITION OF SANCTIONS**

Rule 34(b)(1)(2) of the Federal Rules of Civil Procedure provides, in relevant part:

> The party to whom the request is directed must respond in writing within 30 days after being served. . . . For each item or category, the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. . . . An objection to part of a request must specify the part and permit inspection of the rest.
>
> A party who produces documents for inspection shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the request.

Fed. R. Civ. P. 34(b)(1)(2). Local civil rule 26.1(b) requires that "[t]he party answering, responding or objecting to a discovery request must either set forth the answer, response or objection in the space provided or quote fully each interrogatory or request before any answer response or objection." D.N.M. LR-Civ. 26.1(b).

Rule 37(a)(3)(B) authorizes a party to "move for an order compelling an answer, designation, production, or inspection" if

> (i) a deponent fails to answer a question asked under Rule 30 or 31;
>
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted -- or fails to permit inspection -- as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv). Rule 37(b) authorizes the imposition of sanctions for not obeying discovery orders. "As a general rule, the imposition of sanctions for an abuse of discovery under Fed.R.Civ.P. 37 is a matter within the discretion of the trial court." Stranger v. Checker Auto Parts, No. CV 05-632, 2006 WL 1304948, at *12 (D.N.M. March 24, 2006)(Browning, J.)(quoting Coletti

v. Cudd Pressure Control, 165 F.3d 767, 777 (10th Cir.1999)). "Bad faith . . . is not required for a district court to sanction a party for discovery abuses." Stranger v. Checker Auto Parts, 2006 WL 1304948, at * 12 (quoting Melendez v. Illinois Bell Tel. Co., 79 F.3d 661, 671 (7th Cir.1996)).

## ANALYSIS

While Aramark's failure to respond to Armijo's requests certainly creates problems for Armijo in completing his discovery, it is unclear that Aramark violated the Court's May 7, 2007 Order.  Nevertheless, to prevent any prejudice, and because most of the relief that Armijo seeks is unopposed, the Court will extend Armijo's discovery deadline to sixty days from October 30, 2007 and will extend Armijo's deadline to list experts, witnesses, and reports to thirty days after discovery is closed.  The Court will extend Armijo's deadline to file motions regarding discovery to two weeks from the close of discovery for Armijo and will extend Armijo's deadline to file dispositive motions for two weeks after the close of discovery.

The Court denies Armijo's request to strike Aramark's answers to paragraphs 8 through 12, without prejudice to Armijo renewing that request at a later date.  The Court denies Armijo's request for a default judgment for failure to answer discovery in excess of six months, without prejudice to Armijo renewing that request at a later date.  The Court denies, without prejudice, Armijo's request for an order excluding Aramark from introducing witnesses, experts, or evidence not previously disclosed about witnesses about whom information was not provided to Armijo.  The Court will deny Armijo's request for a finding that Aramark has waived all objections to interrogatories and requests for production that Armijo propounded on it that are the subject of Armijo's motion to compel

**IT IS ORDERED** that Plaintiff's Motion for Sanctions Pursuant to FRCD 37(d) for Failure to Answer Interrogatories or Respond to Request for Inspection is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Matthew J. O'Neill
Thomas Allison
Whitener Law Firm
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

Theresa W. Parrish
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

    *Attorneys for Defendant Aramark Services, Inc.*