IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID ARMIJO,

        Plaintiffs,

vs.                                                                                                    No. CIV 06-0635 JB/RHS

ARAMARK SERVICES, INC.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        **THIS MATTER** comes before the Court on the Plaintiff's Second Motion for Sanctions Pursuant to FRCD 37(b) for Failure to Answer Interrogatories or Respond to Request for Inspection, filed August 23, 2007 (Doc. 59). The Court held a hearing on the motion on October 30, 2007. The primary issues are : (i) whether the Court should extend Plaintiff David Armijo's discovery deadline to sixty days from the date that his second motion for sanctions is ruled upon; (ii) whether the Court should extend Armijo's deadlines to list experts, witnesses, and reports from experts to thirty days after discovery is closed; (iii) whether the Court should extend Armijo's deadline to file motions regarding discovery to two weeks after the date set for closure of discovery for Armijo; (iv) whether the Court should extend Armijo's deadline to file dispositive motions for two weeks after the closure of discovery for Armijo; (v) whether the Court should strike Defendant Aramark Services, Inc.'s answers to paragraph 8-12 of Armijo's Complaint pursuant to rule 37(b)(2)(C) of the Federal Rules of Civil Procedure; (vi) whether the Court should enter a default judgment against Aramark for failing to answer discovery in excess of six months; and (vii) whether the Court should exclude Aramark from introducing witnesses, experts, or evidence not previously disclosed or witnesses about whom information was not provided to Armijo so that Armijo may conduct his own

investigation; (vii) whether the Court should find that Aramark waived all objections to Armijo's interrogatories and requests for production that are the subject of Armijo's motion to compel. For the reasons stated at the hearing, and for reasons stated herein consistent with those already stated, the Court will grant in part and deny in part the motion to compel.

Aramark is ordered to produce a verification of its answers to Armijo's interrogatories within ten days of October 30, 2007. The verification must be made by someone at Aramark. The Court overrules all of Aramark's general objections stated in its answers and responses to Armijo's requests for production, and orders Aramark to produce all responsive documents that are not subject to a specific objection stated in its responses and answers to Armijo's interrogatories. The Court orders Aramark to produce any documents that are responsive to Armijo's requests for production within ten days of October 30, 2007. If Aramark cannot find those documents, or if those documents do not exist, then it needs to send a letter to Armijo stating that it cannot find the documents within ten days; otherwise, Aramark is required to produce all documents on the tenth day. The Court will not permit Aramark to introduce at trial anything that it finds after ten days from October 30, 2007. Aramark is excluded from introducing evidence, documents, witnesses, or experts regarding anything that it has not disclosed within the ten-day period. This ruling does not relieve Aramark from its obligation to produce and supplement information to Armijo. The Court orders Aramark to give amended answers and responses to Armijo's requests for production that it must serve within ten days of October 30, 2007. The Court denies Armijo's remaining requests without prejudice to Armijo raising them at another time.

**IT IS ORDERED** that Plaintiff's Motion for Sanctions Pursuant to FRCD 37(d) for Failure to Answer Interrogatories or Respond to Request for Inspection is granted in part and denied in part.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Matthew J. O'Neill
Thomas Allison
Whitener Law Firm
Albuquerque, New Mexico

   *Attorneys for the Plaintiff*

Theresa W. Parrish
Rodey, Dickason, Sloan, Akin & Robb, P.A.
Albuquerque, New Mexico

   *Attorneys for Defendant Aramark Services, Inc.*